IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD JOHN BOBKA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN FTC OKLAHOMA CITY )<br>FEDERAL PRISON TRANSFER CENTER, )<br>BUREAU OF PRISONS, )<br>)<br>Respondent. ) | Case No. CIV-20-1156-SLP |

## O R D E R

Petitioner, a federal prisoner, filed a Petition for a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is in the custody of the United States Bureau of Prisons (BOP) on his federal conviction and sentence in *United States v. Adams, et al.*, Case No. CR-10-550, United States District Court for the Middle District of Florida. At the time the action was filed, Petitioner was housed at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma. As relief, Petitioner seeks immediate release to home confinement, citing his concerns about "COVID-19 rampant infections within the FTC" and referencing the Coronavirus Aid, Relief, and Economic Security (CARES) Act.[1] Pet. at 2, ¶ 5 and 7, ¶13.

The matter was referred to United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell directed Respondent to respond to the Petition. *See* Order [Doc. No. 5]. The Response [Doc. No. 7] details Petitioner's litigation

---

[1] *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).

history in numerous other jurisdictions where he has sought release or home confinement due to COVID-19 concerns.² Respondent sought dismissal of the 2241 action arguing that this Court lacks authority to grant the relief requested.

Judge Purcell, however, converted the Petition to a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).³ Judge Purcell recommends the action be dismissed with prejudice on grounds that Petitioner challenges the place of his confinement and such challenge fails to state a cognizable civil rights claim. *See* R&R at 3.

Petitioner has not objected to the R&R and the time for doing so has expired. The Court agrees with Magistrate Judge Purcell that Petitioner is challenging the conditions of his confinement. The Court finds, however, that the action should not be converted to a *Bivens* action. Instead, the Court dismisses Petitioner's § 2241 Petition without prejudice as Petitioner's claims are not cognizable under § 2241. *See, e.g., Crosby v. True*, 826 F. App'x 699, 701 (10th Cir. 2020) (noting that the Tenth Circuit "has previously directed district courts to dismiss, without prejudice, a challenge to the place of confinement improperly brought under § 2241(citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1039 (10th Cir. 2012) ("[B]ecause Palma-Salazar seeks a change in the place of his confinement,

---

² Petitioner has previously relied upon the CARES Act as a basis for relief. But the CARES Act "does not permit courts to specify where a prisoner shall serve h[is] term" rather "[t]he courts' authority in this regard is confined to ensuring that the conditions of confinement satisfy constitutional norms." *See, e.g., United States v. Read-Forbes*, No. 20-3104, 2021 WL 423160 at *2 (10th Cir. Feb. 8, 2021)).

³ Petitioner was not, however, directed to pay the requisite $350 filing fee. *See* 28 U.S.C. § 1914(a).

his claims are properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*. The district court, therefore, lacked jurisdiction under 28 U.S.C. § 2241 to consider any of Palma-Salazar's claims" and "[w]e remand to the district court to vacate its judgment and dismiss, without prejudice, Palma-Salazar's 28 U.S.C. § 2241 petition in its entirety for lack of jurisdiction.").

Moreover, Petitioner challenges his COVID exposure while incarcerated at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma. The Bureau of Prisons inmate locater shows that Petitioner is now housed at FCI Victorville Medium II in Victorville, California. *See* https://www.bop.gov/inmateloc/. Thus, this Court no longer has jurisdiction over Petitioner's custodian and is powerless to effectuate any relief under § 2241. *See Nash v. Warden Okla. Transfer Ctr.*, No. CIV-20-160-F, 2020 WL 2516578 at *1 (W.D. Okla. May 15, 2020) (citing cases).[4]

IT IS THEREFORE ORDERED that the Report and Recommendation is ADOPTED to the extent it finds Petitioner is challenging the conditions of his confinement, but the action is not converted to a civil rights action under *Bivens*. Instead, the Petition

---

[4] The Tenth Circuit has recently noted that a claim contending that "in light of the pandemic [a prisoner] should be released from custody because there are *no conditions of confinement* that could adequately prevent an Eighth Amendment violation" could possibly be a claim cognizable in a federal habeas proceeding. *Medina v. Williams*, 823 F. App'x 674, 676 (10th Cir. 2020) (emphasis in original). As Petitioner has not objected to the R&R and has now been transferred from the FTC, the Court need not delve into whether Petitioner has attempted to make such a claim or whether such a claim could be cognizable under § 2241.

for a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.[5]

IT IS SO ORDERED this 25th day of February, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. However, "a federal prisoner . . . does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Thus, the Court need not consider a COA in this case.